# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JACQUELINE SCARBERRY,**
**Claimant Below, Petitioner**

**vs.)** **No. 12-0376** (BOR Appeal No. 2046469)
(Claim No. 2010110110)

**GENESIS HEALTHCARE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jacqueline Scarberry, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Genesis Healthcare Corporation, by Gary Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2012, in which the Board affirmed a September 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 22, 2010, decision denying a reopening of the claim for temporary total disability benefits and medical treatment. Ms. Scarberry did not appeal the denial of Medrol injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Scarberry was injured when she fell over a food cart while working at Genesis Healthcare Corporation. The claim was held compensable for an elbow, knee, and chest wall contusion. On October 22, 2010, the claims administrator denied a reopening of the claim for temporary total disability benefits and medical treatment.

1

The Office of Judges affirmed the claims administrator's decision denying a reopening of the claim for temporary total disability benefits, and medical treatment for the cervical spine because both are based on the cervical condition which is not compensable. On appeal, Ms. Scarberry disagrees and asserts that the Board of Review erred because she has showed reliable evidence that she suffered serious injuries that are now temporarily disabling to her, and Dr. Henry's medical documentation and deposition demonstrate a causal relationship between the requested diagnoses and the compensable injury. Genesis Healthcare Corporation maintains that the evidence fails to establish entitlement to a reopening for temporary total disability benefits and the need for medical treatment under West Virginia Code § 23-4-3 (2005) or applicable rules. On March 5, 2010, Dr. Marsha Bailey performed an independent medical evaluation and concluded that Ms. Scarberry has reached maximum medical improvement and found the simple sprains, strains, and contusions sustained five months ago have long since resolved and no further treatment or diagnostic studies would be expected to change her symptoms. Dr. Bailey concluded that Ms. Scarberry could return to work.

The Office of Judges concluded the preponderance of the evidence does not establish that Ms. Scarberry is entitled to a reopening on a temporary total disability basis nor that it is medically necessary or reasonable for Ms. Scarberry to receive treatment for her cervical spine. The Office of Judges noted that the request for a reopening for additional medical treatment from Dr. Henry is due to Ms. Scarberry's cervical sprain and cervical radiculitis. The Office of Judges previously held on August 24, 2011, that these conditions were not compensable in this claim. The Office of Judges determined that the request for reopening on temporary total disability benefits and additional medical treatment was based upon Ms. Scarberry's cervical conditions, and that she failed to submit evidence sufficient to establish a causal connection between her cervical spine conditions and the compensable injury. Ultimately, the Office of Judges held that the preponderance of the evidence does not establish Ms. Scarberry is entitled to a reopening of the claim for temporary total disability benefits nor does it establish the medical necessity or reasonableness of Ms. Scarberry receiving treatment for her cervical spine. The Board of Review reached the same reasoned conclusions in its decision of February 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II